UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                              Chapter 13

THOMAS C. HEANEY,                                                  Case No.: 10-78918-AST

                                              Debtor.
----------------------------------------------------------X

## DECISION AND ORDER ON
## MOTION TO AVOID JUDICIAL LIENS

       Pending before this Court is a motion filed by Thomas C. Heaney ("Debtor") seeking to

avoid various judicial liens on the Debtor's interest in certain real property, pursuant to Section

522(f) of the Bankruptcy Code (the "Motion").[1] [dkt item 20]  The Motion was filed by notice of

presentment.  On March 28, 2011, the day after objections were due, the Court reviewed the

Motion, and directed Debtor to supplement his pleadings as follows: 1) to include information on

the Debtor's specific interest in the Property[2] involved; and 2) to file a letter brief supporting his

assertion that, for purposes of lien-avoidance calculations under Section 522(f), Debtor's interest

should be valued at one-half the fair market value of the Property, in light of Debtor's claim that

he is a co-owner of the Property.

       On April 11, 2011, Debtor filed a letter brief slightly elaborating on some of the legal

issues. [dkt item 25]  On April 19, 2011, Debtor filed a copy of the original deed under which he

acquired an interest in the Property. [dkt item 27]  No opposition to the Motion has been filed.

The Court, however, is concerned about Debtor's entitlement to the relief requested, particularly

because it is at odds with jurisprudence within this district.  Based upon the record presented, the

Court finds that, for purposes of valuing Debtor's interest in the Property as a tenant by the

entirety under Section 522(f) of the Code, Debtor is seized of 100% of the Property, and

---

[1] References to the Bankruptcy Code or the Code are to 11 U.S.C. § 101 *et seq.*
[2] The property is defined below.

therefore, Debtor can only avoid those liens that, together with other mortgages and the applicable exemption amount, exceed the total value of the Property.  The Motion is therefore granted in part and denied in part.

## Background

Debtor commenced this case on November 15, 2010, (the "Petition Date") by voluntarily filing a bankruptcy petition pursuant to Chapter 13 of the Bankruptcy Code. [dkt item 1]  On March 4, 2011, Debtor filed the instant Motion, seeking to avoid the fixing of certain judicial liens on Debtor's interest in his home located at 3946 Gilmartin Lane, Seaford, New York 11783 (the "Property"). [dkt item 20]

The Motion sets forth that the following facts were true as of the Petition Date: 1) Debtor was a one-half owner of the Property; 2) the fair market value of the Property was $500,000.00 [*See* Appraisal of Property, dkt item 20-1 at p. 6]; and 3) the Property was encumbered by a first mortgage held by Bank of America, having a principal balance of $314,857.47, and a second mortgage held by TD Bank, having a principal balance of $95,001.37, for a total of $409,858.84 in consensual mortgages. [dkt item 20 ¶¶ 3-4]  The Motion also lists the following judicial liens as having been filed against the Property prior to the Petition Date:

|  | Judgment Creditor | Date Docketed | Lien Amount |
|---|---|---|---|
| 1. | Strober Building Supply, Inc. | 02/13/2008 | $81,403.01 |
| 2. | College Point Asphalt, LLC d/b/a Twin County Asphalt, LLC | 03/12/2008 | $25,252.32 |
| 3. | Allied Building Products Corp. | 07/19/2008 | $32,342.89 |

| | | | |
|---|---|---|---|
| 4. | Signature Bank | 11/13/2008 | $100,281.69 |
| 5. | American Express Bank, FSB | 12/08/2008 | $124,403.80 |
| 6. | Lyon Financial Services, Inc.<br><br>d/b/a/ U.S. Bancorp Manifest Funding Services | 03/03/2009 | $37,096.70 |
| 7. | HCA Equipment Finance, LLC | 04/08/2009 | $57,762.94 |
| 8. | Strober Building Supply, Inc. | 04/15/2009 | $3,792.00 |
| 9. | Signature Bank | 07/20/2009 | $12,047.42[3] |

[dkt items 20 ¶ 6; 20-4]  For purposes of this Decision, this Court has construed the "Dock" date listed on the title search Debtor filed [dkt item 20-4] as the date that the judgment at issue attached as a lien against the Property.

On Schedule C of his bankruptcy petition, Debtor claimed an exemption of $50,000.00 in the Property, pursuant to New York Civil Practice Law and Rules, Section 5206. [dkt item 1, Schedule C]; N.Y. C.P.L.R. 5206 (McKinney 2010).[4]

In order to establish that the above judicial liens impair Debtor's interest in the Property, Debtor avers that his general interest in the Property should be valued at $250,000.00, alleging

---

[3] All liens other than the one in favor of Signature Bank for $12,047.42 include Debtor as a listed obligor. The $12,047.42 lien is against Extreme Renovations Inc. alone, and will be addressed separately below.
[4] Section 5206 of New York Civil Practice Law and Rules has since been amended to reflect new exemption amounts. *See* N.Y. C.P.L.R. 5206 (McKinney 2011).

he has a one-half ownership interest; that the consensual non-avoidable mortgages amount to

$409,858.84; and that Debtor's homestead exemption under New York State law is $50,000.00.

Under Debtor's calculation, any judicial lien would impair Debtor's interest in the Property, and

could therefore be avoided under Section 522(f) of the Code.

Section 522(f) provides in pertinent part:

> (1) [T]he debtor may avoid the fixing of a lien on an interest of the
> debtor in property to the extent that such lien impairs an exemption
> to which the debtor would have been entitled under subsection (b)
> of this section, if such lien is—(A) a judicial lien . . . .
> (2)(A) For the purposes of this subsection, a lien shall be
> considered to impair an exemption to the extent that the sum of –
>> (i) the lien;
>> (ii) all other liens on the property; and
>> (iii) the amount of the exemption that the debtor could
>> claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would
> have in the absence of any liens.

11 U.S.C. § 522(f).  This Court disagrees with Debtor's analysis of how Section 522(f) should be

applied.

## Discussion

### Debtor's Ownership Interest in the Property

New York law recognizes several categories of real property title ownership, including

tenancy by the entirety and tenancy in common.  Tenancy in common is "[a] tenancy by two or

more persons, in equal or unequal undivided shares, each person having an equal right to possess

the whole property but no right of survivorship." *See Myers v. Bartholomew*, 697 N.E.2d 160,

161 (N.Y. 1998).   By contrast, tenancy by the entirety is "a tenancy whose salient characteristic

is the unique relationship between a husband and his wife each of whom is seized of the whole

and not of any undivided portion of the estate (per tout et non per my)." *Reister v. Town Bd. of

Fleming*, 218 N.E.2d 681, 682 (N.Y. 1966) (citing *In re Klatzl*, 110 N.E. 181, 183 (N.Y. 1915)

and *Stelz v. Shreck*, 28 N.E. 510, 512 (N.Y. 1891)); *see also Levinson v. R & E Prop. Corp.*, 395 B.R. 554, 557-59 (E.D.N.Y. 2008). Thus, each tenant in the entirety can be said to own the entire fee, but each tenant in common cannot. *Reister*, 218 N.E.2d at 682. Accordingly, upon the death of a tenant by the entirety, the surviving spouse is entitled to a full fee simple ownership, not by virtue of a right of survivorship, but rather because the death merely results in the defeasance of the deceased spouse's interest. Stated otherwise, the surviving spouse is considered to have owned the full estate from the time of the creation of the entirety estate. *Levinson v. R & E Prop. Corp.*, 395 B.R. 554, 558 (E.D.N.Y. 2008) (quoting *In re Rerisi*, 172 B.R. 525, 528 (Bankr. E.D.N.Y. 1994)).

Section 6-2.2 of the New York Estates, Powers and Trusts Law states: "A disposition of Property to a husband and wife creates in them a tenancy by the entirety, unless expressly declared to be a joint tenancy or a tenancy in common." N.Y. EST. POWERS & TRUSTS LAW § 6-2.2(b) (McKinney). Debtor filed a copy of a deed dated October 5, 1999, whereby Thomas Heaney, Debtor herein, and his wife, Deanna Heaney, originally acquired the above Property. [dkt item 27] Since there is no expression of an intention not to create a tenancy by the entirety, the Court determines that this acquisition created a tenancy by the entirety between Debtor and his non-filing spouse. Additionally, as there is no indication in the record that this tenancy has been terminated, this Court determines that the Property was held as entireties property as of the Petition Date.

Thus, here, Debtor is considered to be seized of the entire Property.

### Section 522(f) and Co-Owned Property Where Less Than All Owners File Bankruptcy

Applying Section 522(f) of the Bankruptcy Code where property is co-owned by a debtor and one or more non-debtors raises a number of statutory construction difficulties. Section 522(f)(2)(A) essentially compares "(ii) all . . . liens on the property" (together with the

homestead exemption and the potentially avoidable liens) with "the value [of] the debtor's interest in the property" sans all liens. 11 U.S.C. § 522(f)(2)(A). Where a debtor co-owns the property with a non-debtor—for purposes of this example, a 50% ownership interest as a tenant in common—the debtor might be able to avoid more liens than seem appropriate. The "value [of] the debtor's interest in the property" he co-owns would presumably only be half of the total value of the property. If that lower value is compared with the sum of the full amount of all liens on the property, more liens would be avoided than could be avoided under a more intuitive calculation based on comparing the full amount of the property with the sum of the full amount of those liens, or comparing one-half of the value of the property with one-half of the sum of the liens.[5] *Id.*

To avoid a counter-intuitive result, some courts depart from the plain meaning of "value [of] the debtor's interest in the property" under Section 522(f)(2)(A) and use the full value of the property rather than the debtor's partial interest in it. *See, e.g.*, *Lehman v. VisionSpan, Inc. (In re*

---

[5] Before reaching this hypothetical situation, a court must determine that Section 522(f) can even be utilized in instances where a debtor is a tenant in the entirety with a non-debtor spouse. In *Napotnik v. Equibank & Parkvale Savings Ass'n*, the Court of Appeals for the Third Circuit held that Section 522(f) could not be utilized by a debtor who was a tenant in the entirety with a non-debtor spouse, as that would essentially exclude the lien from collection entirely, for both spouses, because under Pennsylvania law, a lien solely against one tenant by the entirety is unenforceable, though a creditor may retain a contingent lien in case the obligor co-tenant survives the non-obligor spouse. *Napotnik v. Equibank & Parkvale Savs. Ass'n*, 679 F.2d 316 (3d Cir. 1982); *see also* HENRY J. SOMMER & MARGARET DEE MCGARITY, COLLIER FAMILY LAW & THE BANKRUPTCY CODE 2.05[4] (2011). In New York, though, liens against one tenant by the entirety, whether created consensually or not, are *not* exempt from process. *In re LaBrode*, 231 B.R. 162, 166 (Bankr. W.D.N.Y. 1999) ("Like the New York Court of Appeals in *Klein*, other New York courts have recognized that . . . even when property is held by a husband and wife as tenants by the entirety, each spouse has a separate recognizable interest in the property, and that a judgment against only one spouse, when docketed, can become a judgment lien on that separate interest in the real property held as a tenant by the entirety" (citing *Finnegan v. Humes*, 298 N.Y.S. 50 (Sup. Ct. 1937) and *V.R.W., Inc. v. Klein*, 503 N.E.2d 496 (N.Y. 1986))); *Klein*, 503 N.E.2d 496, 499 ("[T]he interest acquired by a grantee or mortgagee of such a unilateral conveyance is not denominated a tenancy by the entirety, but rather is labeled a tenancy in common. Nonetheless, the grantee's or mortgagee's rights in the property are essentially the same as those possessed by the grantor or mortgagor: a right to shared possession and ownership subject to the original cotenants' reciprocal rights of survivorship" (citing *Hiles v. Fisher*, 39 N.E. 337 (N.Y. 1895)); *cf.* David Gray Carlson, *Critique of Money Judgment Part One: Liens on New York Property*, 82 ST. JOHN'S L. REV. 1291, 1295-96 (2008) ("Although creditors of individual spouses can supposedly reach his or her property interests in such a tenancy, New York courts (especially in Nassau County) have used their discretion to put the tenancy by the entirety off limits to creditors."). This Court will not deny Debtor's utilization of Section 522(f) in the present case, despite owning the Property in a tenancy by the entirety with a non-debtor spouse.

*Lehman)*, 205 F.3d 1255 (11th Cir. 2000); 11 U.S.C. § 522(f)(2)(A).  Other courts depart from the plain meaning of "all other liens" and only consider a percentage of those liens—50%, in the tenancy in common example above. *See, e.g.*, *Miller v. Okmi Sul (In re Miller)*, 299 F .3d 183 (3d Cir. 2002); 11 U.S.C. § 522(f)(2)(A).  Still other courts maintain that the plain meaning of the statute does not create an absurd result and therefore apply the plain meaning by comparing the value of the debtor's partial interest with the full sum of all liens. *See, e.g.*, *Zeigler Eng'g Sales, Inc. v. Cozad (In re Cozad)*, 208 B.R. 495 (B.A.P. 10th Cir. 1997); *In re White*, 337 B.R. 686 (N.D. Cal. 2005); 11 U.S.C. § 522(f)(2)(A).  *See* 4 COLLIER ON BANKRUPTCY 522.11[3] n.13 (Alan N. Resnick & Henry J. Sommer eds., 16th Ed.).

In 2007, Judge Eisenberg of this Court held that because a tenant by the entirety is seized of the whole property, the "value [of] the debtor's interest in the property" under Section 522(f)(2)(A) is the entire value of the property. *In re Levinson*, 372 B.R. 582 (Bankr. E.D.N.Y. 2007) (declining to determine partial value based on actuarial life expectancy calculations debtor presented); 11 U.S.C. § 522(f)(2)(A); *see also Brinley v. LPP Mortg., Ltd. (In re Brinley)*, 403 F.3d 415 (6th Cir. 2005) (arriving at same conclusion using 100% of value of property held as tenancy by entirety, under Kentucky law); *Snyder v. Rockland Trust Co. (In re Snyder)*, 249 B.R. 40 (B.A.P. 1st Cir. 2000) (same result reached, under Massachusetts entireties law).  Judge Eisenberg's decision was later affirmed by Judge Spatt of the Eastern District of New York. *Levinson v. R & E Prop. Corp.*, 395 B.R. 554 (E.D.N.Y. 2008).  Here, Debtor did not cite to the *Levinson* decisions in either his Motion or in his supplemental brief.

This Court sees no reason to depart from the *Levinson* analysis.  Thus, for purposes of Section 522(f) the value of Debtor's interest in the Property, irrespective of liens, is $500,000.00—its fair market value.

### *Applying Section 522(f) in the Present Case*

As noted, Section 522(f) permits a debtor to avoid the fixing of a judicial lien that would impair an exemption. 11 U.S.C. § 522(f).  Where a judicial lien, when added to non-avoidable liens, plus the exemption amount, exceeds the value of debtor's general interest in the property, such a lien impairs the exemption and therefore may be avoided, to the extent it so exceeds that value. 11 U.S.C. § 522(f)(1) ("[D]ebtor may avoid the fixing of a lien . . . to the extent such lien impairs an exemption."); *E. Cambridge Sav. Bank v. Silveira (In re Silveira)*, 141 F.3d 34, 36-38 (1st Cir. 1998) (reversing lower court, applying plain meaning of Section 522(f), and allowing for partial avoidance of a lien); *Levinson v. R & E Prop. Corp.*, 395 B.R. 554, 557 (E.D.N.Y. 2008) ("However, '[t]o the extent that a judicial lien does not impair a debtor's exemption, it cannot be avoided.'" (quoting *In re Barrett*, 370 B.R. 1, 3 (Bankr. D. Me. 2007) and citing *In re Vizentinis*, 175 B.R. 824, 827 (Bankr. E.D.N.Y. 1994))).

Section 522(f)(2)(B) provides: "In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens." 11 U.S.C. § 522(f)(2)(B).  Where there is more than one potentially avoidable lien, each lien's avoidance is assessed, in reverse order of that lien's priority under state law.[6] *In re Napolitano*, No. 09-30269, 2009 WL 2905608, at *3 (Bankr. N.D.N.Y. July 1, 2009) ("Courts purporting to apply the formula literally have implicitly recognized the priority order of liens established under state law by applying the formula consecutively, starting with the most junior of the judicial liens and avoiding one lien at a time,

---

[6] This is not to be confused with the *sandwiched lien* scenario, where a potentially avoidable lien has state-law priority over a non-avoidable lien.  There is a split among courts dealing with such a scenario, regarding the question whether a debtor can avoid the senior lien under § 522(f), essentially modifying the state law priority scheme. *See Kolich v. Antioch Laurel Veterinary Hosp. (In re Kolich)*, 328 F.3d 406, 408-10 (8th Cir. 2003) (noting non-uniformity among courts, ultimately allowing such avoidance based on literal reading of 522(f) "all other liens" language to include non-avoidable liens junior to those whose avoidance is at issue).  In the present case, determination of priority among potentially avoidable liens, and not between avoidable and non-avoidable liens, is at issue, and therefore priority is determined by state law.

until the formula indicates no further impairment." (citing *Dolan v. D.A.N. Joint Venture*, 230 B.R. 642, 647 (Bankr. D. Conn. 1999) and *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hanger (In re Hanger)*, 217 B.R. 592, 595 (B.A.P. 9th Cir. 1997))); *see also* 4 COLLIER ON BANKRUPTCY 522.11[3] n.14 (Alan N. Resnick & Henry J. Sommer eds., 16th Ed.).  In other words, each lower priority lien is avoided until the sum of all remaining liens, non-avoidable as well as potentially avoidable liens, plus the exemption amount, does not exceed the value of the property.

Based on the above, this Court will avoid those judicial liens that impair Debtor's homestead exemption, starting with the lien with the most junior priority.  The value of Debtor's interest in the Property, irrespective of any liens, is $500,000.00.  Mortgages held by Bank of America and TD Bank, which are not subject to avoidance, total $409,858.84.  Debtor's applicable homestead exemption is $50,000.00.  Subtracting the mortgages and the exemption from the value of the property leaves a difference of $40,141.16.  Judicial liens beyond $40,141.16 will be avoided, as detailed below.

Based on Debtor's submitted documentation, the lien with the most junior priority under state law is the lien in favor of Signature Bank for $12,047.42 (lien no. 9 in the table below), but this lien cannot be avoided.  Section 522(f)(1) provides for avoidance of "the fixing of a lien on an interest of the debtor in property [that] impairs an exemption to which debtor would have been entitled." 11 U.S.C. § 522(f)(1).  However, the title search filed by Debtor [dkt item 20-4] lists this lien as being against Extreme Renovations Inc. alone, and does not include Debtor as an obligor.  This lien was docketed on July 20, 2009, but Debtor acquired his interest in the Property ten years earlier, in 1999.  Thus, the Signature Bank lien would not appear to attach to the Property, would not impair Debtor's homestead exemption, and could not be avoided under Section 522(f).

The potentially avoidable lien with the most junior priority is therefore the lien in favor of Strober Building Supply, Inc. for $3,792.00 (lien no. 8 in the table below).  This lien would impair Debtor's homestead exemption and is therefore avoided.  All other judicial liens listed below, with the exception of the $81,403.01 lien in favor of Strober Building Supply, Inc. (lien no. 1 in the table below), are similarly avoided, for the same reason.  The $81,403.01 Strober Building lien should be avoided to the extent it impairs Debtor's exemption; thus, it is reduced to $40,141.16, with the remaining $41,261.85 being avoided.

A summary of these avoidances is depicted below:

| | Judgment Creditor | Date Docketed | Lien Amount | Avoidance Status |
|---|---|---|---|---|
| 1. | Strober Building Supply, Inc. | 02/13/2008 | $81,403.01 | $40,141.16 Intact $41,261.85 Avoided |
| 2. | College Point Asphalt, LLC d/b/a Twin County Asphalt, LLC | 03/12/2008 | $25,252.32 | Avoided |
| 3. | Allied Building Products Corp. | 07/19/2008 | $32,342.89 | Avoided |
| 4. | Signature Bank | 11/13/2008 | $100,281.69 | Avoided |
| 5. | American Express Bank FSB | 12/08/2008 | $124,403.80 | Avoided |
| 6. | Lyon Financial Services, Inc. d/b/a/ U.S. Bancorp Manifest Funding Services | 03/03/2009 | $37,096.70 | Avoided |

| 7. | HCA Equipment Finance, LLC | 04/08/2009 | $57,762.94 | Avoided |
|---|---|---|---|---|
| 8. | Strober Building Supply, Inc. | 04/15/2009 | $3,792.00 | Avoided |
| 9. | Signature Bank | 07/20/2009 | $12,047.42 | Not Affected |

### Conclusion

For the reasons set forth above, the Motion is hereby granted in part and denied in part.  It is the Order of this Court that the lien in favor of Signature Bank for $12,047.42 is not avoided because it does not attach to the Property and therefore does not impair Debtor's exemption, that the lien in favor of Strober Building Supply, Inc. for $81,403.01 is hereby reduced to $40,141.16, with the remainder being avoided, and that, with regard to all other liens listed in the table above, the Motion is granted, and those liens are hereby avoided.

SO ORDERED.



**Dated: June 24, 2011**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**